UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SION SPRAGUE,<br><br>   Petitioner,<br><br>  v.<br><br>JEFFREY BEARD, Warden,<br><br>   Respondent. | Case No.: 1:16-cv-00243-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR LACK OF HABEAS JURISDICTION AND UNTIMELINESS<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

  After the Court conducted a preliminary review of the petition, it appeared that the petition was untimely and should therefore be dismissed. The Court ordered Mr. Sprague to show cause why it shouldn't be dismissed as untimely. (Doc. 4). On June 27, 2016, Petitioner filed his response, arguing that he is "actually innocent" of the restitution fine which the petition challenges. (Doc. 12). For the reasons set forth below, the Court recommends that the petition be **DISMISSED**.

I.  **DISCUSSION**

  A.  Preliminary Review of Petition

  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

1

corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Moreover, the court may dismiss a habeas petition *sua sponte* on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. By issuing the order to show cause, the Court afforded Petitioner the notice required by the Ninth Circuit in Herbst.

   B.  Restitution Not A Valid Basis For Habeas Relief

Petitioner was convicted in 2006 in the Kings County Superior Court of one count of inflicting corporal punishment and one count of inflicting physical pain on a child under the age of five. (Doc. 1, p. 2). Petitioner was sentenced to a term of twelve years. In addition, the court ordered Petitioner to pay a restitution fine of $ 700,331.45[1], presumably as a result of the medical expenses incurred by the victim who was rendered comatose due to brain damage and who suffered paralysis as a direct result of Petitioner's conduct. (Id. at p. 6). The instant petition raises challenges only the state court's imposition of the restitution fine. Such a claim, however, fails to invoke the Court's habeas jurisdiction because it does not satisfy the "in custody" requirement of federal habeas law.

Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis supplied). The "in custody" requirement is jurisdictional. Baily v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). In Baily, the Ninth Circuit observed that the "in custody" requirement of federal habeas law has two aspects. First, the petitioner must be "under the conviction or sentence under attack at the time his petition is filed." Baily, 599 F.3d at 978-979, *quoting* Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005). For this aspect of "in custody," actual physical custody is not indispensable to confer jurisdiction; rather, the court will have habeas jurisdiction if a sufficient "restraint on liberty," as opposed to a mere "collateral consequence of a conviction," exists. Id. at 979. In this case, because Petitioner was in

---

[1] Apparently, the child suffered extensive injuries including being rendered comatose due to brain damage and suffering paralysis. (Doc. 1 at 2)

physical custody of Respondent at the time he filed the instant petition, and has remained in the physical custody of Respondent throughout these proceedings, this first aspect of the "in custody" requirement is not at issue.

The second aspect of "in custody," however, is fatal to Petitioner's habeas claim:

> The plain meaning of the test of § 2254(a) makes clear that <u>physical custody alone is insufficient to confer jurisdiction</u>.  Section 2254(a)'s language permitting a habeas petition to be entertained 'only on the ground that [the petition] is in custody in violation of the Constitution or laws or treaties of the United States," explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody.
>
> Giving the crucial statutory phrase within § 2254(a) its ordinary, natural meaning, we cannot but conclude that to sustain his habeas challenge, [petitioner] must show that his custody in itself, or its conditions, offends federal law.  It is not enough for [petitioner] to say, in substance, my custody is okay and consistent with federal law, but I should not be burdened by this restitution requirement.  What [petitioner] is required to pay in restitution is not by ordinary meaning a part of his custody.

<u>Baily</u>, 599 F.3d at 980. (Citations omitted)(emphasis supplied).  In <u>Baily</u>, the petitioner, as is the case here, challenged only his restitution fine.  After the above discussion, the Ninth Circuit flatly rejected habeas jurisdiction under such circumstances:

> [Petitioner's] challenge to the restitution order lacks any nexus, as required by the plain test of § 2254(a), to his custody.  While [petitioner's] liberty has been severely restrained by his conviction and custodial sentence, the remedy that [petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact–and is not directed at the source of the restraint on–his liberty.  If successful, [petitioner] could reduce his liability for restitution but would still have to serve the rest of his custodial sentence in the same manner; his remedy would affect only the fact or quantity of the restitution that he has to pay to the victim.  [Petitioner's] argument is only that he has been ordered to pay restitution "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and not that his custody is unlawful.  That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.

<u>Id.</u> at 981.

Petitioner does not challenge any other aspect of his 2006 conviction in the Kings County Superior Court.  Rather, his only complaint is the legality and size of the restitution fine that was imposed at sentencing.  While Petitioner was clearly in the physical custody of Respondent at the commencement of these proceedings, and while he remains in physical custody of Respondent at this time, such physical custody is insufficient to confer habeas jurisdiction for the restitution challenge contained in the instant petition.  <u>Id</u>.  In the absence of any challenge to Petitioner's conviction and sentence, the required nexus between the Petitioner's sole claim and the unlawfulness of Petitioner's

1  custody is absent.  Id.  Accordingly, without habeas jurisdiction, the Court cannot proceed on those
2  claims.  Id.

3        C.        Limitation Period For Filing Petition For Writ Of Habeas Corpus

4        The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year period of
5  limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. §
6  2244(d)(1).  In most cases, the limitation period begins on the date that the petitioner's direct review
7  became final.

8        Petitioner was convicted on August 30, 2006 and sentenced on October 10, 2006. (Doc. 1, p.
9  1).  Petitioner indicates that he pled guilty to various charges and did not appeal. (Id., p. 2).  California
10 state law governs the period within which prisoners have to file an appeal and, in turn, that law
11 governs the date of finality of convictions.  See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir.
12 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal. 2001)(California conviction becomes
13 final 60 days after the superior court proceedings have concluded, citing prior Rule of Court, Rule
14 31(d)).  Pursuant to California Rules of Court, Rule 8.308(a), a criminal defendant convicted of a
15 felony must file his notice of appeal within sixty days of the rendition of judgment.  See People v.
16 Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147 (1999)(citing prior Rule of Court, Rule 31(d)).
17 Because Petitioner did not file a notice of appeal, his direct review concluded on December 10, 2006,
18 when the sixty-day period for filing a notice of appeal expired.  The one-year period under the
19 AEDPA would have commenced the following day, on December 11, 2006, and Petitioner would have
20 had one year from that date, or until December 10, 2007, within which to file his federal petition for
21 writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001).

22        As mentioned, the instant petition was filed on February 16, 2016, more than eight years after
23 the date the one-year period expired.  Thus, unless Petitioner is entitled to either statutory or equitable
24 tolling, the instant petition is untimely and should be dismissed.

25        D.        Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

26        Under the AEDPA, the statute of limitations is tolled during the time that a properly filed
27 application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. §
28 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Petitioner alleges that he filed the following state habeas petitions: (1) petition filed in the Superior Court of Kings County and denied on May 16, 2014; [2] (2) petition filed in the 5th DCA on

---

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

September 8, 2014, and denied on October 23, 2014; and (3) petition filed in the California Supreme Court on February 9, 2015, and denied on April 29, 2015. Although Petitioner does not specify the precise dates on which he filed several of these petitions, the Court has accessed the California court system's electronic database and has determined the chronology explained above.[3]

None of these state petitions are entitled to statutory tolling under the AEDPA because they were filed long after the one-year period had expired. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).

E.   Equitable Tolling

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F.3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S.

---

[3] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.

at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

          1.      Actual Innocence

In the response to the order to show cause, Petitioner makes no claim of entitlement to equitable tolling.  He contends that he is entitled to proceed despite the petition's untimeliness because he is "actually innocent" of the restitution fine.  (Doc. 12).  Petitioner reasons that the restitution amount was based upon the medical costs associated with the victim's coma, but that, because the charges resulting from the coma were dismissed, he cannot be liable for the restitution amount imposed by the trial court.  The Court rejects Petitioner's argument.

In McQuiggin v. Perkins, 569 U.S.___, 2013 WL 2300806 (2013), the United States Supreme Court held that "actual innocence" could be an exception to the one-year limitation bar in the AEDPA:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House,[4] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329; see House, 547 U.S., at 538 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332.

McQuiggin, at *3.  The Supreme Court went on to explain that an "unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing, and, thus, "a court may consider how the timing of the submission and the likely credibility of [a petitioner's] affiants bear on the probable reliability of evidence [of actual innocence]." Id. at *11, quoting Schlup, 513 U.S. at 332. See also Lee v. Lampert, 653 F.3d 929, 932-933 (9th Cir. 2011)(*en banc*)("a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." )

---

[4] Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851 (1995); House v. Bell, 547 U.S. 518, 126 S.Ct. 2064 (2006).

7

The "Schlup gateway," however, may only be employed when a petitioner "falls within the narrow class of cases…implicating a fundamental miscarriage of justice. Schlup, 513 U.S. at 314-315; McQuiggin, at *9. However, "[t]o ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving," the Supreme Court explicitly limited the equitable exception to cases where a petitioner has made a showing of innocence. Schlup, 513 U.S. at 321. "The Supreme Court did not hold that a petitioner may invoke Schlup whenever he wants a trial do-over." Lee, 653 F.3d at 946 (Kozinski, J., concurring.)

The rule announced in McQuiggin is not a type of equitable tolling, which provides for an extension of the time statutorily prescribed, but an equitable exception to § 2244(d)(1). McQuiggin at *7. Moreover, the Court noted that actual innocence, if proven, merely allows a federal court to address the merits of a petitioner's constitutional claims; the Court has yet to address whether "a freestanding claim of actual innocence" provides a separate basis for granting habeas relief. McQuiggin at *7.

Petitioner has failed to meet Schlup's exacting standard. Petitioner makes an elaborate argument as to why he should be considered "innocent" of the restitution fine. However, the bottom line is that Petitioner is arguing that the trial judge erred in applying state law vis-à-vis the fact of and amount of restitution imposed. There is no question of guilt or innocence as to the substantive offenses. As to the restitution fine itself, Petitioner's argument is a thinly disguised attempt to avail himself of McQuiggen even though it is clear that McQuiggen never intended the term "actual innocence" to apply to the legality of an imposed restitution fine. No amount of argument by Petitioner will change that reality. Because this is not an issue of "actual innocence," as McQuiggen intended that term, the issue of whether the trial court correctly applied state law in imposing the restitution fine does not offer Petitioner a way to circumvent the operation of the AEDPA's one-year limitation period.

Moreover, as mentioned in the preceding section, a claim of an illegal restitution fine will not support an exercise of habeas jurisdiction by this Court. Accordingly, it defies logic to premise an exception to the AEDPA's timeliness requirement on a judicial act that, in and of itself, cannot support

habeas jurisdiction in the first instance.

**ORDER**

The Court **DIRECTS** the Clerk of the Court to assign this case to a United States District Judge.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that the instant petition for writ of habeas corpus be dismissed for lack of habeas jurisdiction and untimeliness.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within 10 days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 29, 2016**                                   **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE