UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SION SPRAGUE,

    Petitioner,

v.

JEFFREY BEARD,

    Respondent.

No. 1:16-cv-00243-DAD-JLT

ORDER DENYING MOTION FOR RECONSIDERATION

(Doc. No. 23)

Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on February 22, 2016. On June 30, 2016, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction and because it was untimely filed. (Doc. No. 13.) On February 1, 2017, the undersigned adopted those findings and recommendations, dismissed the petition, entered judgment against petitioner, and ordered the case closed. (Doc. Nos. 21, 22.) On March 3, 2017, petitioner filed the instant motion for reconsideration. (Doc. No. 23.)

Federal Rule of Civil Procedure 60(b) generally governs the reconsideration of final orders of the district court. Rule 60 allows the court, "[o]n motion and just terms," to "relieve a party or . . . from a final judgment, order, or proceeding," for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (b)(6).

Courts have held that a motion for reconsideration may be justified on three different grounds: "(1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact in order to prevent manifest injustice." *Kowalski v. Anova Food, LLC*, 958 F. Supp. 2d 1147, 1153 (D. Haw. 2013) (citing *Mustafa v. Clark Cty. Sch. Dist.*, 157 F.3d 1169, 1178–79 (9th Cir. 1998)). Petitioner argues that the third of these circumstances is present.

Here, petitioner asserts that, because the magistrate judge concluded habeas jurisdiction will not lie in this case, she should not have reached the issue of whether the petition was timely. (Doc. No. 23.) Petitioner asserts this is a "manifest error" of law resulting in "manifest injustice" to him, because in its absence, he would request the court issue a certificate of appealability on the jurisdictional question. (*Id.* at 5–6) (arguing it is "debatable whether he meets the in-custody requirement for habeas review"). However, petitioner provides neither argument nor authority showing *Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010)—where the Ninth Circuit held habeas jurisdiction does not lie for a petitioner seeking only to overturn a restitution order and not challenging the conviction or confinement itself—is no longer good law or presents a debatable question regarding the court's habeas jurisdiction over this case. Indeed, *Bailey* has been cited recently and favorably for this proposition by both this circuit and the Third Circuit. *Tavares v. Whitehouse*, 851 F.3d 863, 882 n.5 (9th Cir. 2017); *United States v. Ross*, 801 F.3d 374, 380 (3d Cir. 2015). Lacking any argument or authority to the contrary, this court would not issue a certificate of appealability on the issue of whether it has jurisdiction over a petition seeking to challenge only a restitution order. Therefore, petitioner cannot show he suffered a "manifest injustice" by this court's decision dismissing the petition both for lack of jurisdiction and on grounds of untimeliness.

Accordingly, petitioner's motion for reconsideration (Doc. No. 23) is denied.

IT IS SO ORDERED.

Dated: **August 8, 2017**

UNITED STATES DISTRICT JUDGE